Granison Eader (*pro hac vice* forthcoming)
Email: ted@conwayeader.com
Justin T. Conway (*pro hac vice* forthcoming)
Email: justin@conwayeader.com
**CONWAY EADER LLP**
135 Auburn Ave, Ste 206
Atlanta, GA 30303
Telephone:   (470) 745-2640

John E. Lord (Bar No. 216111)
Email: jlord@onellp.com
**ONE LLP**
9301 Wilshire Blvd.
Penthouse Suite
Beverly Hills, CA 90210
Telephone:   (310) 866-5157
Facsimile:    (310) 943-2085

*Attorneys for Plaintiff,*
Relevant Holdings, LLC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| RELEVANT HOLDINGS, LLC, *a Georgia limited liability company,*<br><br>Plaintiff,<br><br>v.<br><br>MINDGEEK USA INC., *a Delaware corporation*; and MINDGEEK S.A.R.L., *a Luxembourg Société à responsabilité limitée,*<br><br>Defendants. | Case No. 2:21-cv-3174<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

**GENERAL ALLEGATIONS**

Plaintiff Relevant Holdings LLC ("Relevant" or "Plaintiff"), files this Complaint and demand for a jury trial against Defendant MindGeek S.à r.l. and Mindgeek USA Inc. (collectively, "MindGeek" or "Defendant") seeking relief for infringement of U.S. Patent Nos. 8,849,814 and 8,849,815 under 35 U.S.C. § 271 and any subsection thereof. Plaintiff states and alleges the following:

**NATURE OF THE ACTION**

1.      This is a patent infringement action to end Defendant's direct, joint, contributory, and/or induced infringement of Plaintiff Relevant's patented inventions, including but not limited to Defendant's unauthorized and infringing use, sale, offering for sale, manufacture, and/or importation of methods and products incorporating Plaintiff's inventions.

2.      Relevant has obtained all substantial rights and interest to U.S. Patent 8,849,814 and U.S. Patent 8,849,815. Defendant utilizes these patents in its products and services, which are provided to consumers in order to generate revenue.

3.      Plaintiff seeks to prevent Defendant from continued infringement of Plaintiff's patent rights. Plaintiff further seeks past and future damages as well as prejudgment and post judgement interest for Defendant's past infringement of the Plaintiff's patents.

**THE PARTIES**

4.      Plaintiff Relevant is a limited liability company organized and existing under the laws of the State of Georgia, with its principal place of business located at 4279 Roswell Rd NE, Suite 208 #305.

5.      Upon information and belief, MindGeek USA Inc. is a corporation organized and existing under the laws of the State of Delaware, with an established place of business located at 23000 West Empire Avenue, 7th Floor, Burbank California 91504. Upon information and belief, Defendant can be served with process

by serving its registered agent for service of process in the State of California, CT Corporation System, 818 W 7th Street Suite 930, Los Angeles CA 90017.

6. Upon information and belief, MindGeek S.à r.l. is a Société à responsabilité limitée organized and existing under the laws of Luxembourg, with a place of business located at 32 Boulevard Royal, L-2249 Luxembourg City, Luxembourg.

7. Herein, "MindGeek" or "Defendant" refers to MindGeek USA Inc., and MindGeek S.à r.l., and all of their parents, subsidiaries, and affiliates.

## JURISDICTION AND VENUE

8. This is an action for patent infringement, which arises under the Patent Laws of the United States, in particular, 35 U.S.C. §§ 271, 281, 283-285, among others. This Court has subject matter jurisdiction of the action under 28 U.S.C. § 1331 and § 1338(a).

9. Upon information and belief, this Court has personal jurisdiction over Defendant, and venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b), (c), and 1400 because, among other things, MindGeek has established minimum contacts within the forum such that the exercise of jurisdiction over MindGeek will not offend traditional notions of fair play and substantial justice. For example, MindGeek has placed products and services that practice and/or embody the claimed inventions of the patents into the stream of commerce with the knowledge and/or reasonable expectation that purchasers and users of such products were located within this district. In addition, MindGeek has sold, advertised, marketed, and distributed products in this district that practice the claimed inventions of the patents. MindGeek derives substantial revenue from the sale of infringing products distributed within this district, and/or expects or should reasonably expect its actions to have consequences within this district and derive substantial revenue from interstate and international commerce.

10.     Venue properly lies in this district under the provisions of 28 U.S.C. § 1400 because Defendant has committed acts of infringement and has a regular and established place of business located at 23000 West Empire Avenue, 7th Floor, Burbank, California 91504 in this Judicial District.

## PLAINTIFF'S PATENTS

11.     Plaintiff's patents at issue in this action relate to computerized methods of searching, sorting, and displaying video content according to relevance. Gregory Peters ("Mr. Peters") conceived the invention in summer of 2008 and diligently filed for a patent. That patent application gave rise to both the '814 Patent and '815 Patent, which were issued on divisional applications that validly claimed priority to the initial patent application. Mr. Peters' concept drew on a decade's worth of experience as a senior executive at major technology firms including AT&T, Adtran, Internap Network Services, NDN, and Inform. Mr. Peters' method also incorporated a broader understanding of U.S. information networks derived from years of service as a cybersecurity advisor to various U.S. Presidents, during which time he co-authored cybersecurity-related papers as directed by the White House.

12.     In 2014, after six (6) years of extensive examination by USPTO Examiners, the '814 and '815 Patents were issued on the applied for subject matter in the form of U.S. Patent Nos. 8,849,814 (the "'814 Patent") and 8,849,815 (the "'815 Patent", collectively the "Patents"). The Patents were temporarily housed at Inform, Inc. ("Inform"), a company that Mr. Peters founded and operated, while also contributing to and managing the development of multiple other technologies.  Once it was determined that Informs' platform and business model would not utilize the patent portfolio, the Patents were transferred back to the original owner and developer, Mr. Peters. Mr. Peters' company, Relevant Holdings LLC ("Relevant"), currently holds the Patents and has never licensed them to any adult content company.

13.     The claims within the Patents are necessarily rooted in computer technology to overcome a problem specifically arising in the realm of computer

**COMPLAINT**

networks. The '814 Patent includes an inventive concept because the sorting of categories of computerized documents was not well-understood, routine, and conventional at the time of the patent. Rather, documents were categorized and sorted according to keywords provided by the uploading party, with contemporary systems including no context-based evaluation to sort categories of documents from most to least pertinent. The same is true of the '815 Patent, as it also recites a technological solution to a technological problem specific to computer networks and the presentation of related individuals according to a ranking system. Both solutions were unconventional at the time of the invention and presented an improvement over the prior art.

14.     Upon information and belief, MindGeek has been using and continues to use Mr. Peters' patented methodology to sort categories and persons related to adult content while heavily targeting the U.S. market. MindGeek owns a network of websites such as PornHub, RedTube, or YouPorn (collectively "Porn Sites"). MindGeek distributes and derives massive advertising revenue as a result of millions of daily users. These users are attracted and retained through continuous streams of video and other media content, which is served to them utilizing the methodologies embodied in the Patents. Unfortunately for Mr. Peters and Relevant, this behavior has proceeded unchecked for many years. MindGeek has made it clear that they are not receptive to licensing the Patents on which their Porn Sites infringe.

15.     Upon information and belief, MindGeek has made billions of dollars in revenue and tens to hundreds of millions of dollars in profit while targeting the U.S. market over the life of the Patents. During this time, the organization has shown a relative disregard for the legality, or lack thereof, of their business. MindGeek has been sued for infringement of intellectual property numerous times over the last ten years. MindGeek has also faced numerous calls during the last year for criminal investigation in the U.S. by government officials and NGOs, as well as over 70 parliamentarians from all parties in Canada, in relation to illicit content hosted on its

4

**COMPLAINT**

platform. This illicit content includes but is not limited to child pornography, nonconsensual sex acts, and human trafficking.

16.     Relevant is suing MindGeek for patent infringement to recover a reasonable royalty incurred as a result of MindGeek's infringing conduct.

## MR. PETERS TRANSFORMED THE WAY VIDEO AND AUDIO CONTENT IS SORTED AND PRESENTED BY COMPUTER NETWORKS

17.     Mr. Peters grew up in a time of evolving information networks. As a young man, he had envisioned what the future state of technology would be in terms of screens, content, and advertising. As fate would have it, this vision shaped the entire internet content delivery industry. Following graduate school in the mid-1980s, Mr. Peters spent roughly a decade with AT&T International, conducting business operations in over fifty-four (54) countries, and finally as the Managing Director of the Middle East & Africa for AT&T. During the Gulf War, Mr. Peters led the infrastructure assessment and repair efforts for AT&T under the authority of the Ruling Family of Kuwait. Upon returning to the United States, Mr. Peters quickly rose to prominence as a technology executive in the mid-nineties. By the early 2000's, he was CEO and President of Internap Network Solutions, a well-established digital technology company with hundreds of millions of dollars in revenue. By the mid 2000's Mr. Peters founded News Distribution Network ("NDN"), which revolutionized the syndication and monetization of digital video content across predominant newspaper, magazine, radio, and television websites.

18.     Mr. Peters founded what would become Inform Inc. ("Inform") in 2007 and ran the company for 12 years before selling it to Bright Mountain Media Inc. in November of 2019. Inform made over one billion dollars in revenue over that time and resulted in a windfall for investors, who saw its holdings more than double in value. When Mr. Peters' patent application was filed in 2008, the internet simultaneously began bringing video and audio content to consumers on an unprecedented scale. Due to enhancements in internet functionality, millions of

**COMPLAINT**

consumers could effectively query information networks daily in search of content that need only be uploaded one time. The result was a system through which one creator could efficiently reach the masses with the help of a few predetermined keywords. Mr. Peters, however, identified considerable inefficiency in this system in that consumers were conducting repetitive searches. Instead, he envisioned an internet where content was automatically sorted and presented to consumers based on the way previous users queried the system, thus removing the need for redundant searching by subsequent consumers.

19.     In April of 2017, the Patents were transferred to Mr. Peters as their original owner after being housed in a company he had founded, granted that he would not assert them against the company or its successors by granting them a license for their use. At the time of the transfer on April 26, 2017, the Patents were formally assigned to Nile Holdings, LLC (a private Georgia company solely owned and controlled by Mr. Peters). Prior to initiating litigation, Mr. Peters sought to license the Patents through Nile Holdings ("Nile") in an amicable fashion. However, Mr. Peters was rebuffed by the Defendant by and through their attorneys. On January 26, 2021, the Patents were assigned to Relevant as a successor in interest of Nile.

## DEFENDANT'S ACTS

20.     Relevant restates and realleges each of the allegations set forth above and incorporates them herein.

21.     Upon information and belief, Defendant owns and operates a vast network of pornographic websites which have infringed and continue to infringe the Patents by making, using, and/or distributing infringing systems, articles, and methods. The Porn Sites owned by the Defendant employ methods of ranking categories or videos, and many also include rankings of performers. Relevant alleges infringement of the Patents by systems employed by the Porn Sites (the "Accused Systems") which may be found on all of Defendant's websites listed below as well

as all other websites owned by the Defendants which are not listed below but that use the Accused Systems and similar systems, platforms and/or protocols:

- PornHub.com ("Porn Hub")
- YouPorn.com ("You Porn")
- Tube8.com ("Tube 8")
- Xtube.com ("X Tube")
- ExtremeTube.com ("Extreme Tube")
- RedTube.com ("Red Tube")
- SpankWire.com ("Spank Wire")
- KeezMovies.com ("Keez")
- YouPornGay.com ("You Porn Gay")
- PornMD.com ("Porn MD")
- Brazzersnetwork.com ("Brazzers")
- DigitalPlayground.com ("Digital Playground")
- Twistys.com ("Twistys")
- RealityKings.com ("Reality Kings")
- SexTube.com ("Sex Tube")
- Beeg.com ("Beeg")
- Mofos.com ("Mofos")
- GayTube.com ("Gay Tube")
- Babes.com ("Babes")
- Thumbzilla.com ("Thumbzilla")
- SeanCody.com ("Sean Cody")
- Men.com ("Men")

22.    The Defendant's websites sort categories of content and adult performers according to a ranking system. Public client-facing elements of the computer code hosted on websites such as (but in no way limited to) PornHub show that individual categories or performers are identified by unique identifying data tags

7

**COMPLAINT**

("IDs") that do not change over time. However, the order in which the ranked categories or persons are presented to consumers is anything but static, with the IDs serving as a means for the platform to identify the categories or persons themselves while populating two dimensional arrays for consumption by visitors to the sites. Upon information and belief, nonpublic elements of the Defendant's platform rank and populate these arrays according to a sorting and ranking of the IDs associated with these categories and persons which utilizes the systems and methods embodied by the Patents.

23. Upon information and belief, Defendant's infringement is willful. Defendant has disregarded, and continues to disregard, an objectively high likelihood that its actions infringe at least claim 1 of each of the Patents, where such action constitutes egregious misconduct.

## DIRECT AND JOINT INFRINGEMENT

24. Relevant restates and realleges each of the allegations set forth above and incorporates them herein.

25. Upon information and belief, Defendant uses, provides, and distributes infringing systems in this jurisdiction and elsewhere. For example, when a consumer accesses the categories page of PornHub, the website creates an array that populates the screen by ranking the ID associated with each category according to a scoring system, and then inserting it into the array according to that ranking calculation. A similar system of ranking IDs is employed for PornHub's "Pornstar Rankings" page, as well as for PornHub's "Model Rank" functionality, which includes a discrete system by which each performer is identified and a discrete rank is determined, with the top rank being attributed to the most popular performer at that point in time. PornHub explicitly states that a PornStar rank is determined "based on the performance of all your videos and other metrics". All of these rankings are constantly changing, presumably as a result of consumers entering keyword searches and the relevant category or persons overall popularity on PornHub.

**COMPLAINT**

26.     Similar Accused Systems are incorporated into most if not all the Porn Sites owned by Defendant. Consumers are constantly seeking new categories or persons and are habitually delving into them by consuming several videos or images ("Documents") in a single session. The ability to create an endless stream of Documents without the need for the consumer to repeatedly query the system allows the Porn Sites to continuously serve related content which is paired with advertising in order to gather revenue. Thus, infringement of the Patents directly contributes to the profitability of Defendant's hosting and maintaining the Porn Sites.

27.     All of the above acts constitute acts of direct infringement.

## INDIRECT INFRINGEMENT

28.     Relevant restates and realleges each of the allegations set forth above and incorporates them herein.

29.     Upon information and belief, Defendant's acts described as acts of direct infringement concerning the manufacture, use, offer for sale, sale operation, distribution, and/or installation of Defendant systems and/or software and those described below also constitute acts of induced and contributory infringement.

30.     Upon information and belief, third parties including Defendant's customers, users, consumers, and content owners within this jurisdiction and elsewhere directly infringe the Patents and Defendant induces and/or contributes to that infringement. As an example, only consumers of the Porn Sites, and thus users of the Accused Systems, access Defendant's platform in order to upload or retrieve adult videos, clips, and other documents by using and putting into use the systems and solutions claimed by the Patents. Further, consumers query the website and browse popular categories or performers by using software made available on the Defendant's platform, thus Defendant induces consumers and third parties to use an infringing system and method, and the third parties do in fact infringe.

31.     Defendant induces consumers and third parties to infringe by providing free content to consumers, higher quality content to paid subscribers, and monetarily

compensating performers for uploading and cataloguing content for consumption according to performers and subject matter category.

32.     To the extent that some elements of a claim are performed by a different party than the Defendant, Defendant, through its software and infringing systems, puts the claimed system of the Patents into service as described herein and receives a benefit upon performance of steps of the methods of the Patent. To the extent multimedia is provided by third party servers or networks, Defendant's systems and/or Defendant's customers' systems put these third party systems into use.

33.     Upon information and belief, Defendant receives a benefit from such actions by the third parties as it allows Defendant to provide a desirable product or allows the third parties to purchase products and services from Defendant.

34.     Upon information and belief, Defendant provides its customers and/or other third parties instructions, materials, advertisements, services, encouragement, and software to use, load, and/or operate the Accused Systems in an infringing manner. Sending computerized instructions are acts of control by Defendant on the players of third parties. Upon information and belief, Defendant further induces its customers and third parties to use the Accused Systems by providing subscriptions for the Accused Systems. Defendant has actively induced infringement by its customers and/or third parties in this jurisdiction.

35.     Upon information and belief, Defendant has acted with the specific intent to induce or cause infringement and to conduct acts of infringement as described herein within this jurisdiction and elsewhere. Defendant continues to provide access to the Accused Systems to its consumers and third parties in an infringing manner since having notice and actual knowledge of the Patents.

36.     Upon information and belief, customers and users of the Accused Systems reside in this jurisdiction and conduct acts of infringement within this jurisdiction. Upon information and belief, Defendant has been and continues to indirectly infringe the Patents within this jurisdiction and elsewhere in the United

States by, among other things, inducing and/or contributing to third parties' infringement of the claims of the Patents without Plaintiff's authority.

37.     Upon information and belief, Defendant provides, makes, sells, and offers its Accused Systems with the specific intention that its customers and/or other third party direct infringers use the Accused Systems in an infringing manner.

38.     Upon information and belief, the Accused Systems have no substantial non-infringing use and is especially made and/or adapted so as to infringe the Patents.

39.     Upon information and belief, Defendant knows its systems, articles and services are especially made or especially adapted for use in an infringement of the Patents and not a staple article or commodity of commerce suitable for substantial non-infringing use.

40.     Defendant acquired knowledge of the Patents no later than September 25, 2020, the date Defendant received Plaintiff's Notice of Infringement letter.

41.     Defendant has had notice and actual knowledge of the Patents at least as of the service date of this complaint.

42.     Notwithstanding, Defendant continues to willfully and with specific intent infringe upon and cause others to infringe upon one or more claims of the Patents.

## COUNT 1

**(Direct and Indirect Infringement of United States Patent No. 8,849,814)**

43.     Relevant restates and realleges each of the allegations set forth above and incorporates them herein.

44.     Defendant, without the permission of Relevant, has been and is presently infringing multiple claims of the '814 Patent, as infringement is defined by 35 U.S.C. § 271(a) as "making, using, offering to sell, and selling" the Accused Systems. By way of example only, Defendant's Porn Sites such as PornHub utilize a "computer-implemented method of ranking categories, each category having at least one keyword, each category having a plurality of associated documents", and thus uses

the invention covered by at least one claim of the '815 Patent, such as but not limited to claim 1.

45.     Defendant indirectly infringes the '814 Patent by inducing or contributing to the infringement of the '814 Patent, including but not limited to infringement by its customers/consumers, in violation of 35 U.S.C. § 271(b)-(c)&(f).

46.     Defendant does not have a license or permission to use the claimed subject matter of the '814 Patent.

47.     As a direct and proximate result of Defendant's direct, joint, induced, and/or contributory infringement of the '814 Patent, Relevant has been injured and has been caused significant financial damage.

48.     Defendant's aforementioned acts have caused damage to Relevant and will continue to do so unless and until enjoined.

49.     Relevant alleges upon information and belief that Defendant has, knowingly or with willful blindness, willfully infringed one or more claims of the '814 Patent. Defendant had knowledge of the Patents as set forth above, having been advised of the existence and substance of the Patents by Relevant and its predecessor Nile. Defendant acted with knowledge of the Patents, and, despite its knowledge or despite that it should have known of an objectively high likelihood that its actions constituted infringement of Relevant's valid patent rights, continue to infringe.

50.     This objectively defined risk was either known or so obvious that it should have been known to Defendant. Relevant seeks enhanced damages pursuant to 35 U.S.C. § 284 from Defendant. As a result of Defendant's infringement of the '814 Patent, Relevant has suffered monetary damages. Defendant is thus liable to Relevant in an amount that adequately compensates it for Defendant's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

///

///

## COUNT 2

### (Direct Infringement of United States Patent No. 8,849,815)

51.     Relevant restates and realleges each of the allegations set forth above and incorporates them herein.

52.     Defendant, without the permission of Relevant, has been and is presently infringing multiple claims of the '815 Patent, as infringement is defined by 35 U.S.C. § 271(a) as "making, using, offering to sell, and selling" the Accused Systems. By way of example only, Defendant's Porn Sites such as PornHub utilize a "computer-implemented method of ranking persons, each person being associated with at least one document, a search engine identifying relevant documents based upon a search request for a person".

53.     Defendant indirectly infringes the '815 Patent by inducing or contributing to the infringement of the '815 Patent, including but not limited to infringement by its customers/consumers, in violation of 35 U.S.C. § 271(b)-(c)&(f).

54.     Defendant does not have a license or permission to use the claimed subject matter of the '815 Patent.

55.     As a direct and proximate result of Defendant's direct, joint, induced, and/or contributory infringement of the '815 Patent, Relevant has been injured and has been caused significant financial damage.

56.     Defendant's aforementioned acts have caused damage to Relevant and will continue to do so unless and until enjoined.

57.     Relevant alleges upon information and belief that Defendant has, knowingly or with willful blindness, willfully infringed one or more claims of the '815 Patent. Defendant had knowledge of the Patents as set forth above, having been advised of the existence and substance of the Patents by Relevant and its predecessor Nile. Defendant acted with knowledge of the Patents, and, despite its knowledge or despite that it should have known of an objectively high likelihood that its actions constituted infringement of Relevant's valid patent rights, continue to infringe.

58.     This objectively defined risk was either known or so obvious that it should have been known to Defendant. Relevant seeks enhanced damages pursuant to 35 U.S.C. § 284 from Defendant. As a result of Defendant's infringement of the '815 Patent, Relevant has suffered monetary damages. Defendant is thus liable to Relevant in an amount that adequately compensates it for Defendant's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Relevant respectfully requests that the Court:

A.     Enter judgement that Defendant directly infringes, contributes to infringement, or induces others to infringe one or more claims of the Patents literally or under the doctrine of equivalents;

B.     Permanently enjoin Defendant, their agents, servants, and employees, and all those in privity with Defendant or in active concert and participation with Defendant, from engaging in acts of infringement of the Patents;

C.     Award Plaintiff past and future damages together with prejudgment and post-judgment interest to compensate for the infringement by Defendant of the Patents in accordance with 35 U.S.C. § 284;

D.     Award Plaintiff an ongoing royalty in an amount to be determined for continued infringement after the date of judgement;

E.     Declare this case exceptional pursuant to 35 U.S.C. § 285; and

F.     Award Plaintiff its costs, disbursements, attorney's fees, and such further and additional relief as deemed appropriate by this Court.

///
///
///

14
**COMPLAINT**

1

Dated: April 13, 2021

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ONE LLP**
By: */s/ John E. Lord*
John E. Lord

**CONWAY EADER LLP**
Granison Eader
Justin T. Conway
(*Pro Hac Vice* Forthcoming)

*Attorneys for Plaintiff,*
Relevant Holdings, LLC

**COMPLAINT**

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiff Relevant hereby requests a trial by jury on all matters to which it is

3

entitled to trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

4

5

Dated: April 13, 2021

**ONE LLP**
By: */s/ John E. Lord*
John E. Lord

6

7

**CONWAY EADER LLP**
Granison Eader
Justin T. Conway
(*Pro Hac Vice* Forthcoming)

8

9

10

11

*Attorneys for Plaintiff,*
Relevant Holdings, LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

16
**COMPLAINT**